# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| **ESTRELLA FIGUEROA CABAN** ) | |
| ) | **ORIGINAL CIVIL ACTION** |
| ) | |
| ) | **FILE NO. 3:20-CV-1933-TCB** |
| ) | |
| ) | **RE-FILE CIVIL ACTION** |
| **Plaintiffs,** ) | |
| ) | **FILE NO. _____** |
| v. ) | |
| ) | |
| **WAL-MART STORES EAST, LP,** ) | |
| **DBA WAL-MART, INC, and** ) | |
| **JOHN DOE(s) 1-3** ) | |
| **Defendants.** ) | **JURY TRIAL DEMAMDED** |

## COMPLAINT FOR DAMAGES

**COMES NOW**, ESTRELLA FIGUEROA CABAN (hereinafter "Ms. Caban"), Plaintiff, in the above-styled action by and through her attorney, W. Bryant Green, III, and Law Office of W. Bryant Green, III, P.C., and avers the following in support:

## NOTICE OF RENEWAL ACTION

This is a renewar action brought under O.C.G.A. § 9-2-61. Plaintiff's original action, was originally brought in the State Court of Carroll County, Georgia on or around July 14, 2020 and was removed to the United States District Court in the

Northern District of Georgia and was dismissed without prejudice on or about the 4th day of November, 2021.

## **PARTIES AND JURISDICTION**

1.

Ms. Caban is an adult resident of the State of Georgia. Ms. Caban was a resident of the State of Georgia at all times material to this action.

2.

Defendant Wal-Mart Stores East, LP, DBA Wal-Mart, Inc. ("hereinafter Defendant Wal-Mart") is a foreign corporation with a premises in Carrollton, Georgia where the subject incident occurred. Defendant Wal-Mart is authorized to do business in Carroll County, Georgia and may be served with process via its Registered Agent, The Corporation Company (FL), located at 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia, 30040.

3.

Defendant John Doe(s) 1-3 (collectively "Defendant Doe") are unidentified employees and/or agents of Defendant Wal-Mart who were performing their duties within the scope of their employment when the subject incident occurred, and are believed to be residents of Georgia.

4.

Defendants are subject to the jurisdiction and venue of this Court. Thus, venue is proper in this Court pursuant to Article VI, Section II, Paragraph VI of the Georgia Constitution.

5.

Ms. Caban does not seek equitable relief, thus this Court has proper subject matter jurisdiction over this action.

6.

Ms. Caban submits herself to the jurisdiction of this Court for all matters arising in this action.

## FACTUAL BACKGROUND AND ALLEGATIONS

7.

On or about July 4, 2018, Ms. Caban was an invitee at Defendant Wal-Mart's store located at 1735 S, US-27, Carrolton, Georgia 30117 in Carroll County, Georgia (hereinafter "Subject Property").

8.

As Ms. Caban was walking on the Subject Property, she was struck from behind by a motorized cart with multiple shopping carts attached being operated by a Wal-Mart Employee ("Defendant John Doe 1").

9.

Ms. Caban had no actual knowledge or constructive knowledge of the proximity of Defendant John Doe 1 and the motorized cart pusher and shopping carts to her person.

10.

Before Ms. Caban was struck on July 4, 2018, Defendants knew or should have known of the dangerous nature of using a motorized cart pusher and operating it near customers on the premises.

11.

Defendants failed to exercise ordinary care for the protection of invitees from dangerous and hazardous conditions on the Subject Property.

12.

Defendants failed to properly maintain and keep the premises of the store clear of unreasonably hazardous conditions that are known, Ms. Caban sustained sever personal injuries.

13.

Ms. Caban has incurred medical bills of at least $193,000.00 + in the course of treating her injuries as a result of the subject incident.

## **COUNT ONE: NEGLIGENCE – JOHN DOE(S) 1-3**

14.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through thirteen (13) above as though fully set forth herein.

15.

Defendant(s) John Doe(s) 1-3 were employees of Defendant Wal-Mart working at the subject premises on July 4, 2018.

16.

Defendant(s) John Doe(s) 1-3 had a duty to safely conduct business and warn invitees of any hazardous conditions on the premises.

17.

Defendant(s) John Doe(s) 1-3 breached their duty owed to Ms. Caban by failing to place operate the push carts properly and failed to otherwise warn customers, especially Ms. Caban, of the dangerous condition.

18.

Defendants knew or should have known that it was likely that injury would result to invitees and other individuals on the property if the push carts were not operated in a safe manner.

19.

Defendants had actual and/or constructive notice that business was not being conducted in a safe and proper manner.

20.

Defendant(s) John Doe(s) 1-3's negligence, as specified above, was the direct and proximate cause of the injury to Ms. Caban, who was injured when she was struck in the rear by a pushcart with shopping carts on the subject premises.

21.

As a direct and proximate result of the actions of Defendant, Ms. Caban has sustained personal injuries and medical expenses of at least $193,326.30.

## **COUNT TWO: RESPONDEAT SUPERIOR – DEFENDANT WAL-MART, INC**

22.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-one (21) above as though fully set forth herein.

23.

Defendant(s) John Doe(s) 1-3 were employees of Defendant Wal-Mart, Inc. working at the subject premises on July 4, 2018.

24.

Defendant(s) John Doe(s) 1-3 had a duty to inspect the premises and warn invitees of any hazardous conditions on the premises.

25.

Defendant(s) John Doe(s) 1-3 breached their duty owed to Ms. Caban by failing to operate the push cart in a safe and proper manner and failed to otherwise warn customers, especially Ms. Caban, of the dangerous condition.

26.

Defendant(s) John Doe(s) 1-3 were acting in the course and scope of their employment as an employee of Defendant Wal-Mart, Inc.. Accordingly, Defendant Wal-Mart is liable under the theory of *respondeat superior* and/or other principals of applicable agency law for the acts or omissions of Defendant(s) John Doe(s) 1-3.

## COUNT FOUR – NEGLIGENT HIRING, TRAINING, & SUPERVISION DEFENDANT WAL-MART, INC.

27.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs one (1) twenty-six (26) above as if fully restated.

28.

Defendant Wal-Mart, Inc. was negligent in hiring Defendant John Doe(s) 1-3 and failing to ensure that they did not have a negligent history.

29.

Defendant Wal-Mart, Inc., was negligent in failing to properly train Defendant John Doe(s) 1-3.

30.

Defendant Wal-Mart, Inc. was negligent in failing to properly supervise Defendant John Doe(s) 1-3.

31.

Defendant Wal-Mart, Inc.'s negligence in hiring Defendant John Doe(s) 1-3 and failing to train and supervise them properly was the direct and proximate cause of the negligence committed against Ms. Caban, and her resulting injuries.

**WHEREFORE,** Plaintiffs pray for relief in the following manner:

A. That process issue and the Summons and Complaint be served upon the Defendants as prescribed by law;

B. That the Court enter a finding that Defendants were negligent and failed to exercise ordinary care in operating push carts on the subject premises, and in failing to adequately warn invitees of the unreasonably hazardous condition;

C. That the Court enter an Order finding that the negligence of the Defendants is the sole and proximate cause of the injuries suffered by the Plaintiff;

D. That this Court grant Plaintiff special damages for medical bills in an amount to be proven at trial;

E. That Plaintiffs be granted damages for her pain and suffering in an amount to be determined by the enlightened conscience of a jury; and

F. That Plaintiffs be granted such other and further relief as the Court deems just, equitable and proper.

This 29th day of April, 2022.

                                        Respectfully submitted,

                                        /s/ *W. Bryant Green, III*
                                        W. Bryant Green, III
                                        Georgia Bar No. 307707
                                        Anthony R. Showell
                                        Georgia Bar No. 722467

Law Office of W. Bryant Green, III, P.C.
303 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30308
(404) 522-5330 telephone
(404) 577-0860 facsimile
bryant@wbgpc.com
anthony@wbgpc.com